J-S54035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TERRELL DEBARGE GABLE | : | |
| Appellant | : | No. 342 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 4, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000292-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TERRELL DEBARGE GABLE | : | |
| Appellant | : | No. 343 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 4, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000293-2016

BEFORE: NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 19, 2021**

Terrell Debarge Gable ("Gable") appeals from the judgments of sentence imposed following his convictions, at docket number CP-67-CR-0000292-2016 ("Docket No. 292-2016"), of indecent assault person less than 13 years of age and corruption of minors,[1] and at docket number CP-67-CR-0000293-2016

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 6301(a)(1)(i).

("Docket No. 293-2016"), of corruption of minors and involuntary deviate sexual intercourse – less than 13 years of age.[2]  We affirm.

The trial court previously summarized the factual and procedural history of these cases as follows:

> On or about October 15, 2015, [Gable] was charged at Docket No. 293-2016 with [rape of a child and related offenses.]
>
> On or about November 24, 2015, [Gable] was charged at Docket No. 292-2016 with [indecent assault person less than 13 years of age and related offenses.]
>
> On February 9, 2016, the Commonwealth filed a [N]otice of consolidation for [Docket Nos.] 292-2016, and 293-2016.  The facts giving rise to all charged were adduced at trial as follows.
>
> E.R.'s Disclosure (Docket No. 292-2016)
>
> On or about June 13, 2014, Detective Kyle Hower [("Detective Hower")] of the York City Police Department commenced an investigation of a sexual assault allegedly committed by [Gable] in the spring of 2014 against E.R., [Gable's] then three-year-old biological niece.  E.R.'s mother became concerned when E.R. instructed her mother, as she dressed E.R. for school, not to "lick her cat."  When asked if anyone had ever licked E.R[.]'s "cat," E.R. revealed that one evening when [Gable] and E.R. were alone in E.R.'s kitchen in her home[,] located at 400 E. Princess St. in York City, [Gable] directed E.R. to climb onto the kitchen table.  E.R. complied.  Once at the table, as E.R. lay on her back, [Gable] removed her pants and pull-up underwear and placed his bare penis on the outside of her bare vagina.
>
> T.S.L.'s Disclosure (Docket No. 293-2016)
>
> On or about September 29, 2015, Detective [] Hower … commenced an investigation of a sexual assault allegedly committed by [Gable] between the end of 2011 and the spring of

---

[2] 18 Pa.C.S.A. § 3123(b).

2012 against T.S.L., a prepubescent girl with whom [Gable] had a familial relationship. Upon learning of E.R.'s allegations, T.S.L.'s mother routinely questioned her children about whether they had ever been sexually assaulted. T.S.L. disclosed that one evening, when T.S.L. slept at home on the living room sofa, [Gable] broke into T.S.L.'s home at 461 Salem Avenue through an unsecured kitchen window, pulled down her pajama pants and underwear, and anally penetrated her. T.S.L. screamed out for help in the hopes that her mother[,] who was sleeping in an upstairs bedroom[,] would hear her. [Gable] ordered T.S.L. to shut up while he completed the act. [T.S.L.] complied. Immediately following the assault, [Gable] smoked a cigarette and exited T.S.L.'s home.

[Gable's first jury trial resulted in a mistrial after a Commonwealth witness testified that Gable had been incarcerated prior to the commission of the alleged crimes.]

\* \* \*

… Following a second jury trial [from] January 16, 2018, through January 18, 2018, the jury unanimously convicted [Gable,] at Docket No. 292-2016[,] of [indecent assault person less than 13 years of age] and [corruption of minors,] and at Docket No. 293-2016[,] of [corruption of minors] and [involuntary deviate sexual intercourse – less than 13 years of age]. All remaining counts at both dockets were withdrawn. Immediately following the trial, [Gable's trial counsel] filed a Petition to Withdraw as Counsel which was granted on January 29, 2018.

On June 4, 2018, at Docket No. 292-2016, [Gable] was sentenced to a term of two (2) to four (4) years of confinement in [prison] for [indecent assault person less than 13 years of age] and a term of one (1) to two (2) years of confinement for [corruption of minors,] which runs concurrently with [indecent assault person less than 13 years of age].

At Docket No. 293-2016, [Gable] was sentenced to a term of one (1) to two (2) years of confinement in [prison] for [corruption of minors,] and a term of fifteen (15) to thirty (30) years of confinement for [involuntary deviate sexual intercourse – less than 13 years of age,] which runs concurrently with [corruption of minors], but consecutively to the sentence imposed

at Docket No. 292-2016, which yields a total aggregation of seventeen (17) to thirty-four (34) years [in prison].

Immediately following sentencing, [Gable's sentencing counsel] made an oral [M]otion for leave to withdraw as counsel citing her [change in] employment[. The trial court] granted [the] [M]otion and appointed [new counsel] to represent [Gable] at the post-sentence phase through direct appeal.

On June 19, 2018, [Gable,] filed a [M]otion requesting an extension of time within which to file a [p]ost-[s]entence [m]otion which [the trial court] granted on June 21, 2018. [Gable] did not file a [p]ost-[s]entence [m]otion[,] and on July 3, 2018, filed a [single] timely [N]otice of [A]ppeal to the Superior Court.

Trial Court Opinion, 10/2/18, at 2-7.

This Court quashed Gable's appeal for failure to comply with our Supreme Court's decision in **Walker**.[3] **See Commonwealth v. Gable**, 217 A.3d 402 (Pa. Super. 2019) (unpublished memorandum at 1-3).

The trial court appointed Gable new counsel, and on January 23, 2020, Gable filed a Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[4] In his PCRA Petition, Gable alleged that his direct appeal counsel had rendered ineffective assistance of counsel by failing to file separate Notices of Appeal at each docket number, in compliance with the mandates in

---

[3] **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (stating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed [and t]he failure to do so will result in quashal of the appeal.") (citing Pa.R.A.P. 341).

[4] 42 Pa.C.S.A. §§ 9541-9546.

- 4 -

*Walker*. On January 28, 2020, the PCRA court reinstated Gable's direct appeal rights, *nunc pro tunc*.

On February 20, 2020, Gable filed two *nunc pro tunc* Notices of Appeal, one at each docket number. Gable filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On June 9, 2020, Gable filed a Motion to consolidate appeals. On June 10, 2020, this Court granted Gable's Motion and consolidated his appeals.

Gable now presents the following issue for our review: "Whether the [t]rial [c]ourt erred when it consolidated [] Gable's trial for the crimes docketed as [Docket No. 292-2016] and [Docket No. 293-2016,] despite the lack of similarities between the two offenses[?]" Brief for Appellant at 4.

Gable contends that the trial court erred when it consolidated his cases for trial "despite the lack of similarities between the two[.]" *Id.* at 13. Gable argues that there are "significant differences" between the two incidents. *Id.* at 13. Specifically, Gable asserts that E.R.'s and T.S.L.'s respective testimonies demonstrate differences in victim age, locations of the assaults, and Gable's relationship to the victims. *Id.* at 13-15. Gable claims that the only similarity between the testimonies is that they both allege the sexual assault of a child. *Id.* at 15-19.

At the outset, we must determine whether Gable has properly preserved this claim for our review. On February 9, 2016, the Commonwealth properly filed its Notice of Consolidation for Docket No. 292-2016 and Docket No. 293-

2016 pursuant to Pa.R.Crim.P. 582(B)(1). The comment to Rule 583, pertaining to severance of informations, provides that "any request for severance must ordinarily be made in the omnibus pretrial motion or it is considered waived[.]" Pa.R.Crim.P. 583 cmt.; *see also* Pa.R.Crim.P. 578 cmt. (listing motions for severance as appropriate types of pretrial relief for the omnibus pretrial motion).

Instantly, Gable did not object to the joinder of Docket No. 292-2016 and Docket No. 293-2016, nor did he file a motion to sever. In fact, the first time that Gable raised this issue was in his Pa.R.A.P. 1925(b) Concise Statement. The "failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue." *Commowealth v. Houck*, 102 A.3d 443, 451 (Pa. Super. 2014); *see* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Accordingly, Gable's claim is waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/19/2021